**EXHIBIT 1**

# BURSOR & FISHER
P.A.

**1990 NORTH CALIFORNIA BLVD.**
**SUITE 940**
**WALNUT CREEK, CA 94596**
www.bursor.com

L. TIMOTHY FISHER
Tel: **925.300.4455**
Fax: **925.407.2700**
ltfisher@bursor.com

December 3, 2021

<u>*Via Certified Mail – Return Receipt Requested*</u>

New Balance Athletics, Inc.
100 Guest Street
Boston, Massachusetts 02135

Re:   *Notice and Demand Letter Pursuant to U.C.C. §§ 2-607; the Massachusetts Unfair and Deceptive Business Practices Act, Mass. Gen. Laws Ch. 93A, § 9(3); California Civil Code § 1782; and all other relevant state and local laws*

To Whom It May Concern:

This letter serves as a preliminary notice and demand for corrective action by New Balance Athletics, Inc. ("New Balance" or "You") pursuant to breaches of express warranty and violations of state consumer protection laws – related to our clients, Matthew Cristostomo, Anthony Bollini, Spencer Verrilla, Derrick Evans, and Clifton Bradley (collectively, the "Clients"), and a class of all similarly situated purchasers (the "Class") of New Balance footwear regarding the manufacture, marketing, and sale of Your "MADE" series of footwear.

The Clients purchased sneakers that You represented were "Made in USA" (the "Sneakers").[1]  Specifically, (1) Mr. Cristostomo purchased the MADE 990 and 993 models at a New Balance outlet in California; (2) Mr. Bollini purchased the MADE 990v1 model from a New Balance store in Michigan; (3) Mr. Verrilla purchased the MADE 990v3 model from Amazon in Pennsylvania; (4) Mr. Evans purchased the MADE 990v5 model from a Foot Locker in New Jersey; and (5) Mr. Bradley purchased the MADE 990v5 model from Your website in Florida.

Each of the Clients—indeed, consumers at large—purchased the Sneakers based on the belief that they were "Made in the USA," as You represent on the packaging of the Sneakers and the Sneakers themselves, and paid a price premium based on those representations and warranties.  However, the Sneakers have as much as 30% of their components made outside of the United States.  For instance, the soles of the Sneakers—which are a highly important aspect of footwear and the athletic footwear You make in particular—are imported from Chinese companies.  Thus, contrary to Your representations and warranties, the Sneakers are not actually "Made in USA," as that term is defined by Federal Trade Commission ("FTC") regulations, which require that products marketed as "made in America" or "made in the USA" be made "all or virtually all" in the United States.  Had You disclosed that the Sneakers were not in fact

---

[1] The specific footwear models at issue are the "Made in USA 990v2," "Made in USA 990v3," "Made in USA 990v4," "Made in USA 990v5," and "Made in USA 993."  The Sneakers are available in a variety of styles (men's, women's, and unisex) and color patterns.

"Made in USA" the Clients and members of the Class would not have purchased the Sneakers or would have paid less for the Sneakers than they did.

Your conduct thus constitutes a breach of express warranty (*see* U.C.C. §§ 2-313) and common law fraud, and violates numerous consumer protection statutes, including but not limited to the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*; the California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*; California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*; California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*; the Michigan Consumer Protection Act, Mich. Comp. Laws §§ 445.903, *et seq.*; Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1, *et seq.*; the New Jersey Consumer Fraud Act, N.J.S.A. §§ 56:8-1, *et seq.*; the Florida Deceptive and Unfair Trade Practices Act, Fla. Sta. §§ 501.201, *et seq.*; and the Massachusetts Unfair and Deceptive Business Practices Act, Mass. Gen. Laws Ch. 93A, § 2(a). As a result of Your violation of the above-referenced statutes, the Clients sustained injury.

As to California in particular, you have violated the California Consumers Legal Remedies Act (1) representing that the Sneakers had certain characteristics that they did not have, in violation of Cal. Civ. Code § 1770(5); (2) representing that the Sneakers was of a certain standard or quality when it was not, in violation of Cal. Civ. Code § 1770(7); and (3) advertising the Sneakers with an intent not to sell them as advertised, in violation of Cal. Civ. Code § 1770(9). As a result of Your violation of the California Consumers Legal Remedies Act, Mr. Cristostomo sustained injury.

On behalf of the Clients and the Class, we hereby demand that You immediately (1) cease and desist from continuing to represent the Sneakers as "Made in USA," and (2) make full restitution to all purchasers who purchased Sneakers You wrongfully designated as "Made in USA."

We also demand that New Balance preserve all documents and other evidence which refers or relates to any of the above-described practices including, but not limited to, the following:

1. All documents concerning the manufacturing, labeling, and packaging processes for New Balance Sneakers;

2. All documents concerning the pricing, advertising, marketing, and/or sale of the Sneakers by New Balance;

3. All documents concerning New Balance's communications with the Federal Trade Commission and other federal and state regulators regarding Your "Made in USA" representations;

4. All documents concerning any research done by New Balance or any third party on behalf of New Balance regarding the "Made in USA" representation, including but not limited to the value of the representation and the effect of the representation on sales and consumer perception.

5. All documents concerning how New Balance determines which goods to designate as "Made in USA"; and

6. All documents concerning the total sales of the Sneakers and total revenue and profits derived from sales of the Sneakers.

If You contend that any statement in this letter is inaccurate in any respect, please provide us with Your contentions and supporting documents immediately upon receipt of this letter.

Please contact me right away if You wish to discuss an appropriate way to remedy this matter. If I do not hear from You promptly, I will take that as an indication that You are not interested in doing so.

Very truly yours,

L. Timothy Fisher