UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MATTHEW CRISTOSTOMO, ANTHONY BOLLINI, SPENCER VERRILLA, DERRICK EVANS, CLIFTON BRADLEY, and ROBERT KAMINSKY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NEW BALANCE ATHLETICS, INC.,<br><br>Defendant. | Civil Action No. 1:21-CV-12095-AK |

**DEFENDANT'S MOTION
FOR LEAVE TO FILE A REPLY IN SUPPORT OF ITS
MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT**

Pursuant to Local Rule 7.1(b)(3), Defendant New Balance Athletics, Inc. ("New Balance" or "Defendant") by and through its undersigned counsel respectfully requests leave to file a reply brief in support of its Motion to Dismiss Plaintiff's First Amended Complaint and to Strike Certain Class Allegations ("Motion"). ECF No. 19. As grounds for this motion, New Balance states as follows:

1. New Balance filed its Motion and supporting materials on March 21, 2022. *See* ECF No. 19.

2. Plaintiffs filed their Opposition materials on April 4, 2022, including a twenty (20) page memorandum of law. *See* ECF No. 22.

3. New Balance respectfully submits that its reply will assist the Court by, inter alia, clarifying the effect of the injunctive relief ordered in *Dashnaw v. New Balance Athletics, Inc.*, 2019 WL 3413444 (S.D. Cal. July 29, 2019), the proper application of Federal Rule of Civil Procedure 9(b), and the correct interpretation of the Magnuson-Moss Warranty Act. Moreover,

Plaintiffs' Opposition mischaracterizes both its own complaint and New Balance's arguments in its motion to dismiss in ways that New Balance could not have anticipated in its original Motion.

4. New Balance respectfully submits that a discussion of the issues raised by Plaintiffs' Opposition would aid in resolving New Balance's Motion and would also save the Court valuable time in deciding the issues presented in New Balance's Motion.

For the foregoing reasons, New Balance requests that this Court grant it leave to succinctly address Plaintiffs' assertions in a Reply memorandum of no more than ten (10) pages, filed on or before April 18, 2022.

### RULE 7.1(a)(2) CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), the undersigned counsel certifies that it attempted in good faith to confer with Plaintiffs' counsel on April 7, 2022. New Balance's counsel left a message for Plaintiffs' counsel detailing the substance of this Motion. New Balance's counsel again attempted to contact Plaintiffs' counsel on April 8, 2022. Plaintiffs did not respond.

| | |
|---|---|
| Dated: April 8, 2022 | Respectfully submitted,<br><br>*/s/ Mark S. Puzella*<br>Mark S. Puzella (BBO No. 644850)<br>mpuzella@orrick.com<br>R. David Hosp (BBO No. 634091)<br>dhosp@orrick.com<br>Sheryl Garko (BBO No. 657735)<br>sgarko@orrick.com<br><br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>222 Berkeley Street<br>Suite 2000<br>Boston, MA  02116-3740<br>Telephone: 617.880.1800<br>Facsimile:  617.880.1801<br><br>***Attorneys for Defendant,***<br>***New Balance Athletics, Inc.*** |

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 8, 2022 a copy of the foregoing is being filed electronically through the ECF system. Parties may access this filing through the Court's system.

                                              */s/ Mark S. Puzella*
                                              Mark S. Puzella