**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MATTHEW CRISTOSTOMO, ANTHONY BOLLINI, SPENCER VERRILLA, DERRICK EVANS, CLIFTON BRADLEY, and ROBERT KAMINSKY, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>   v.<br><br>NEW BALANCE ATHLETICS, INC.,<br><br>          Defendant. | Case No. 1:21-cv-12095-AK<br><br>Hon. Angel Kelley |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION**
**FOR LEAVE TO FILE A REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

**REARDON SCANLON LLP**
James J. Reardon, Jr.
45 South Main Street, 3rd Floor
West Hartford, CT  06107
Telephone: (860) 955-9455
Facsimile:  (860) 920-5242
Email:  james.reardon@reardonscanlon.com

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (*Pro Hac Vice*)
Sean L. Litteral (*pro hac vice* forthcoming)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email:  ltfisher@bursor.com
       slitteral@bursor.com

**BURSOR & FISHER, P.A.**
Max S. Roberts (*Pro Hac Vice*)
Matthew A. Girardi (*pro hac vice* forthcoming)
Julian C. Diamond (*pro hac vice* forthcoming)
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
Email: mroberts@bursor.com
      mgirardi@bursor.com
      jdiamond@bursor.com

*Attorneys for Plaintiffs*

Plaintiffs Matthew Cristostomo, Anthony Bollini, Spencer Verrilla, Derrick Evans, Clifton Bradley, and Robert Kaminsky ("Plaintiffs") respectfully submit this opposition to Defendant New Balance Athletics, Inc.'s ("Defendant" or "New Balance") Motion for Leave to File a Reply in Support of its Motion to Dismiss (ECF No. 23) (the "Motion").  In support of their Opposition, Plaintiffs state as follows:

1.      *First*, Defendant has not complied with L.R. 7.1(a)(2), which "is designed to force parties to present issues to the Court only after they have determined that judicial intervention is necessary."  *Murray v. Uber Techs., Inc.*, 486 F. Supp. 3d 468, 474 (D. Mass. 2020).  Defendant has not done so.  Three attorneys for Plaintiffs have appeared in this action: Mr. James Reardon, Mr. L. Timothy Fisher, and Mr. Max Roberts.  Mr. Fisher was out of the office on April 7, 2022 and April 8, 2022.  Counsel for Defendant did not attempt to contact Mr. Reardon or Mr. Roberts either by phone or by e-mail to explain the purported merits of its reply brief when it could not reach Mr. Fisher, nor did it attempt to e-mail Mr. Fisher to set up a call (upon which it would have seen Mr. Fisher's out-of-office message).  That Defendant left a message "detailing the substance of [the] Motion" (Motion at 2), but not actually conferring with Plaintiffs, is not compliance.  Thus, Defendant should not be allowed to file a reply brief until it has properly conferred with Plaintiffs' counsel.

2.      *Second*, Defendant has not properly explained why a reply brief is warranted.  New Balance has filed two motions to dismiss, with both asserting arguments concerning "the effect of the injunctive relief ordered in *Dashnaw* … the proper application of Federal Rule of Civil Procedure 9(b), and the correct interpretation of the Magnuson-Moss Warranty Act."  Motion at 1. New Balance has further submitted all relevant documents concerning the *Dashnaw* settlement in support of both its Motion to Dismiss and the Motion to Dismiss the First Amended Complaint.

1

*See* ECF Nos. 11, 21.  There is no reason to give New Balance further bites at the apple simply because it disagrees with Plaintiffs' arguments.  *See*, *e.g.*, *Sony BMG Music Ent. v. Tenenbaum*, 2012 WL 3639053, at *6 (D. Mass. Aug. 23, 2012), *aff'd,* 719 F.3d 67 (1st Cir. 2013) (granting motion to strike "further submission" "because defendant has had ample opportunity for briefing and argument on the issue.").

3.      *Third*, New Balance contends that "Plaintiffs' Opposition mischaracterizes both its own complaint and New Balance's arguments … in ways that New Balance could not have anticipated."  Motion at 2.  The latter statement—that New Balance could not have "anticipated" Plaintiffs arguments—is unsubstantiated filler, and not credible in light of the fact that New Balance has retained competent counsel who no doubt anticipated any counterarguments that Plaintiffs would make.  Moreover, New Balance's ignorance of the pleadings is its own mistake. For example, one deficiency in Defendant's Motion to Dismiss is its claim that "the only basis for Plaintiffs' nationwide class is its MMWA claim for breach of express warranty, so if that claim fails, Plaintiffs cannot sustain a nationwide class."  MTD at 18.  However, as Plaintiffs point out in their Opposition, "Defendant ignores the fact that Plaintiffs have brought their Massachusetts Unfair and Deceptive Practices Act, Mass. Gen. Laws ch. 93A, § 1, *et seq* … claims on behalf of a nationwide class."  *See* Opposition at 19 (citing FAC, ¶ 73).  It is not the fault of Plaintiffs that Defendant ignored something that Plaintiffs plainly alleged.

4.      Further, First Circuit precedent forbids Defendant from raising new arguments for the first time on reply.  *See Schuster v. Harbor*, 471 F. Supp. 3d 411, 424 (D. Mass. 2020) ("The purpose of a reply memorandum is not to file new arguments that could have been raised in a supporting memorandum.'") (quoting *Noonan v. Wonderland Greyhound Park Realty LLC*, 723 F. Supp. 2d 298, 349 (D. Mass. 2010)); *Padula v. Freedom Mortg. Corp.*, 2020 4040725, at *4 (D.

Mass. July 17, 2020) ("[T]heories offered for the first time in the reply brief are not preserved.")

(quoting *Wills v. Brown Univ.*, 174 F.3d 20, 27 (1st Cir. 1999)).

5.      Moreover, it is hard to believe that Plaintiffs could "mischaracterize" *their own allegations*. On the contrary, as Plaintiffs discussed it their opposition, it was New Balance who mischaracterized or ignored Plaintiffs' allegations and causes of action. Regardless, Plaintiffs' pleadings, as well as New Balance's arguments, ultimately speak for themselves, and Plaintiffs are confident that the Court can determine what Plaintiffs have alleged and what each party has argued.

6.      In conclusion, New Balance's Motion should be denied. The fact that New Balance disagrees with Plaintiffs' arguments does not provide good cause to file a reply brief. New Balance has already had multiple attempts to draft its Motion to Dismiss, while Plaintiffs have filed only one opposition brief, and Plaintiffs are confident that the Court is more than capable of interpreting the Parties' arguments and Plaintiffs' pleadings. At the very least, no reply brief should be filed until New Balance has properly met its obligations under L.R. 7.1(a)(2) and on any such reply, Defendant should not be permitted to introduce new arguments.

Dated: April 11, 2022                Respectfully submitted,

**REARDON SCANLON LLP**

By: */s/ James J. Reardon, Jr.*
        James J. Reardon, Jr.

James J. Reardon, Jr.
45 South Main Street, 3rd Floor
West Hartford, CT  06107
Telephone: (860) 955-9455
Facsimile:  (860) 920-5242
Email:  james.reardon@reardonscanlon.com

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (*Pro Hac Vice*)
Sean L. Litteral (*pro hac vice* forthcoming)

3

1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email:   ltfisher@bursor.com
       slitteral@bursor.com

**BURSOR & FISHER, P.A.**
Max S. Roberts (*Pro Hac Vice*)
Matthew A. Girardi (*pro hac vice* forthcoming)
Julian C. Diamond (*pro hac vice* forthcoming)
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
Email: mroberts@bursor.com
     mgirardi@bursor.com
     jdiamond@bursor.com

*Attorneys for Plaintiffs*

4

5

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 11, 2022, a true and correct copy of the forgoing was served by CM/ECF to the parties registered to the Court's CM/ECF system.

Dated: April 11, 2022

_/s/ James J. Reardon, Jr._
James J. Reardon, Jr.

5